UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS E. GUILDER,

                Petitioner,

v.

WASHINGTON COUNTY JAIL,

                Respondent.[1]

9:22-CV-1032
(MAD/DJS)

---

APPEARANCES:

NICHOLAS E. GUILDER
704
Petitioner, pro se
Washington County Jail
399 Broadway
Fort Edward, NY 12828

OF COUNSEL:

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.**     **INTRODUCTION**

Petitioner Nicholas Guilder seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[2] Petitioner also applied to proceed in forma pauperis ("IFP"). Dkt. No. 2, IFP Application.

On October 3, 2022, the Court administratively closed the action for petitioner's failure

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the warden or superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "Washington County Jail" as respondent. Instead, the Clerk is respectfully directed to update the docket sheet to reflect the proper respondent, Jeffrey J. Murphy, Sheriff of Washington County.

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

to properly commence it.  Dkt. No. 3, Administrative Closure Order, at 2.  Petitioner was provided thirty days to either (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed, signed, and properly certified application to proceed in forma pauperis ("IFP").  *Id*.

Petitioner remitted the statutory filing fee, and the case was reopened.  *See* Dkt. Entry dated 10/17/22 (identifying receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening case).  Petitioner also provided several exhibits in support of his pending petition.  Dkt. No. 4, Exhibits.

For the reasons stated below, the petition is dismissed without prejudice as being premature.  Furthermore, to the extent petitioner has complaints about the conditions of his confinement, specifically his access to a law library, such concerns are not appropriately raised in the instant action.

## II.    THE PETITION

Petitioner challenges a 2022 judgment of conviction, from Washington County, of second degree burglary and petit larceny.[3]  Pet. at 1-2.  Petitioner is scheduled to be sentenced in a few days, on October 28, 2022.  *Id.* at 1.

Liberally construing petitioner's submission, he argues that he is entitled to federal habeas corpus relief because (1) the indictment was illegally obtained and unjust, Pet. at 5-6, 17; (2) petitioner's trial counsel was constitutionally ineffective, *id.* at 6-8, 14, 15-16, 19-20; (3) petitioner was denied access to a law library, *id.* at 8-9, 14; (4) despite petitioner's continued requests, his constitutional rights have been repeatedly violated by the trial court judge's

---

[3] It is unclear whether the conviction was as the result of a guilty plea or a jury verdict, as petitioner has indicated that both occurred.  *See* Pet. at 1-2.

2

decision not to assign him new counsel, *id.* at 9-10, 18; and (5) petitioner's grand jury proceedings were unfair, *id.* at 16-17.   For a complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

### III.    DISCUSSION

#### A.    Exhaustion of Habeas Claims

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted his state court remedies because he has admitted as much.  Pet. at 2, 4-11 (repeatedly indicating that he has not yet appealed his claims in state court though he intends to).  Thus, petitioner's claims remain unexhausted because the highest state court capable of reviewing said claims has not yet had the

opportunity to do so.  *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Here, petitioner has state court remedies available to him, regardless of his feelings on how successful they will be.  Petitioner is still awaiting sentencing.  Accordingly, pursuant to New York Law, the time period for petitioner to begin exhausting his state court remedies has not yet commenced since he cannot file a direct appeal until after he is sentenced.  *See* N.Y. C<small>RIM</small>. P<small>RO</small>. L<small>AW</small> § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence . . . must, within thirty days **after imposition of the sentence** . . . file . . . a written notice of appeal[.]").  Further, to the extent petitioner assumes that he will not be successful in a direct appeal, any such assumptions are speculative and unfounded; therefore, they are insufficient to waive the statutory exhaustion requirement.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied.  The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of

the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diuglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

      Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner indicates his intention to file a direct appeal; therefore, he is aware of its existence. Further, petitioner has properly commenced this habeas corpus action, following the Court's instruction after the case was initially administratively closed, so there is little doubt that he will also be able to navigate the state court system to seek redress for the alleged wrongs he asserts via a direct appeal or collateral state court proceeding. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether his claims were properly exhausted in state court) (citing

*Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[4]

Petitioner has not yet been sentenced and the statute of limitations for his direct criminal appeal has not yet begun to run, let alone terminated. Therefore, petitioner's conviction has not been finalized. *See e.g. Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Dismissal of the instant petition will have no impact on the statute of limitations because the limitations period cannot begin until there is a final judgment. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). At the conclusion of the state court proceedings, petitioner will have a year to re-file his habeas petition. Thus, petitioner should

---

[4] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

promptly re-file his petition, and include any and all claims he has therein, when he has completed exhausting his claims in state court, as he has adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[5]

### B. Petitioner's Conditions of Confinement

One of petitioner's claims deals with his alleged inability to access a law library. Pet. at 8. Specifically, petitioner contends that he has "[n]ever once had . . . access to [a] law library to defend [his] case." *Id.*

Complaints about an inmate's conditions of confinement which do not impact the fact or length of confinement – like access to the law library and its amenities – are more appropriately brought pursuant to 42 U.S.C. § 1983. *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006). To the extent petitioner seeks to challenge his access to law library amenities, he should pursue such claims through the administrative channels at the

---

[5] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Washington County Jail and, if necessary, by means of a separately filed civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act ("PLRA") of 1996.  The Clerk is respectfully requested to provide petitioner with a 42 U.S.C. § 1983 packet for his reference.

IV.     **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk respectfully update the caption to reflect the proper respondent, Sheriff Jeffrey J. Murphy; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED** that the Clerk respectfully provide petitioner with a 42 U.S.C. § 1983 packet for his reference; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[6]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 31, 2022

                                               Mae A. D'Agostino
                                               U.S. District Judge

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).