UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS E. GUILDER,

                Petitioner,

v.                                                                                          9:22-CV-1032
                                                                                            (MAD/DJS)
JEFFREY J. MURPHY, Sheriff,

                Respondent.

---

APPEARANCES:                                                          OF COUNSEL:

NICHOLAS E. GUILDER
704
Petitioner, pro se
Washington County Jail
399 Broadway
Fort Edward, NY 12828

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.**    **INTRODUCTION**

Petitioner Nicholas Guilder seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] After an initial review, the Court issued a Decision and Order dismissing the petition without prejudice as being premature. Dkt. No. 6, Decision and Order ("October Order"); Dkt. No. 7, Judgment. Specifically, the Court explained that "petitioner's claims remain[ed] unexhausted because the highest state court capable of reviewing said claims ha[d] not yet had the opportunity to do so," since petitioner had not yet been sentenced and could not begin the direct appeal process. October Order at 3-4. The

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Court went on to explain how to properly exhaust petitioner's criminal conviction and why dismissing the federal habeas action, at that time, was not prejudicial to petitioner. *Id.* at 3-7.

Presently pending before the Court is petitioner's motion for reconsideration of the October Order. Dkt. No. 8. For the reasons which follow, the motion is denied.

## II.     PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner's motion is a bit difficult to decipher. Petitioner contends that he has "done everything possible to exhaust every option [he] could with complete misguidance and direction with [a] lack of resources." Dkt. No. 8 at 1. Petitioner expresses his disagreement with his sentence and frustration with the feeling of being "a bystand[er] in [his] own case, with the [prosecutor], the Judge and [his] own lawyer dictating the direction of [his] case, for utter failure." *Id.* Petitioner claims that he was left without recourse for the prosecution's "appalling and wrong" actions, the Judge's bias, and his defense attorney's tactics of "working against [petitioner and his wife] and being mislead [*sic*] and misguided." *Id.* at 1-2.

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No.

1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances."  *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12.  "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition. The grant of such a motion would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).  Stated another way, "[a] Rule 60(b) motion may be used to attack the integrity of the previous habeas proceeding, but it may not be used as a vehicle to attack the underlying criminal conviction." *Reynolds*, 2010 WL 604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529; *see also Negron v. United States*, 164 F. App'x

3

158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly "cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

> [A] Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (I) the court may treat the . . . motion as "a second or successive" habeas petition, in which case it should be transferred to th[e Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction "as beyond the scope of Rule 60(b).

*Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

Here, petitioner does not indicate the section under which he is making his motion.[2] However, the motion was made within thirty days of the entry of judgment. Accordingly, regardless of the provision under which the motion is evaluated, it is timely filed.

However, even under a liberal interpretation of this motion, petitioner has failed to allege facts demonstrating that any of the grounds listed in the clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under the catch-all provision of Rule 60(b)(6). Petitioner has not provided any controlling case law, facts, or data, which the Court overlooked that would have altered the Court's conclusion. Instead, petitioner's unsupported,

---

[2] Even assuming petitioner intended to utilize a different standard for reconsideration, his motion would still fail. "The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).
Petitioner's overarching contentions are that his criminal conviction was inappropriate because there was prosecutorial misconduct, judicial bias, and ineffective assistance of counsel. These claims mirror those presented in the previous habeas petition which challenged the indictment and grand jury proceedings, as well as his counsel and the trial judge's rulings. October Order at 2-3. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision dismissing the petition is not warranted.

bare, conclusory assertions argue that the Court's reasoning was simply incorrect because constitutional violations occurred during his criminal prosecution and there is no other path down which petitioner can exhaust his state court remedies.  In short, petitioner is improperly attempting to "solely relitigate . . . issue[s] already decided," in the October Order.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Moreover, all of petitioner's arguments in his Rule 60 motion are challenging the merits of his state court conviction.  Petitioner contends that the actions and decisions of the criminal prosecutor, criminal defense attorney, and county court judge were all unconstitutional.  Dkt. No. 8 at 1-3.  In sum, petitioner is, again, attempting to invalidate his state court conviction; however, he is utilizing the wrong procedural vehicle.  *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F. App'x at 158-59; *Harris*, 367 F.3d at 77;  *Reynolds*, 2010 WL 604179, at *3.

Petitioner "shows no need for the extraordinary relief contemplated under Rule 60(b)(6) where other avenues such as direct appeal or collateral review might have or may provide the redress he seeks."  *McKinnon v. United States*, No. 1:12-CV-0179, 2012 WL 727017, at *1 (D. Md. Mar. 5, 2012).  Despite the Court outlining how these other avenues could be pursued in the October Order, petitioner does not articulate how he unsuccessfully attempted to invoke these remedies.  Instead, petitioner repeatedly proffers conclusory and unsupported statements that everything is unavailable to him.  These thread-bare assertions are insufficient to justify the extraordinary relief provided by Rule 60.

In sum, petitioner has failed to present any other circumstances, let alone extraordinary ones, to justify the Court's intervention.  The Court could either transfer the petition, as successive, to the Second Circuit or deny the motion with prejudice as being

5

outside the scope of Rule 60(b).  *Harris*, 367 F.3d at 82.  The Court will exercise the second option and deny the motion with prejudice.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 8) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 1, 2022

Mae A. D'Agostino
U.S. District Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).